## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

CASE NO: 08-02388-GAC/C

IN RE:                                    CHAPTER: 13

**ROMERO PARDELLA, NEREIDA**
**(SS: 9786)**                            **(SS: )**

**Debtor(s)**

**URB. VILLA LA MARINA**
**CALLE GEMINIS # 8**
**CAROLINA, PR  00979**

---

## INFORMATIVE MOTION OF PLAN FILED

**TO THE HONORABLE COURT:**

COME(S) NOW Debtor(s), represented by the undersigned attorney, and represents as follows:

1 - The Debtor(s) inform(s) of the plan dated **05/13/2008**.  Copy of the said plan is attached to this motion.

**WHEREFORE** applicant(s) pray(s) from this Honorable Court to take notice of the Chapter 13 Plan, accepts and confirms, at the confirmation hearing, the Chapter 13 Plan.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, May 13, 2008

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to the all parties in interest in the attached master address list. We will serve by Postal Service the document to any non CM/ECF participants.

**LEGAL PARTNERS, P.S.C.**
Box 316, Señorial Station
San Juan, P.R. 00926-6023
Tel:(787) 791-1818
Fax: (800) 986-1842

**/S/ Juan M. Suárez Cobo**
Juan M. Suárez Cobo
USDCPR 211010
suarezcobo@prtc.net

**IN RE:**                                                    Case No. **08-02388-GAC/C**
**ROMERO PARDELLA, NEREIDA**                    Chapter **13**
Debtor(s)                                                      SSN: xxx-xx-**9786**
                                                             SSN: xxx-xx-

## CHAPTER 13 PLAN

PLAN DATED: **May 13, 2008**              ☐ AMENDED PLAN DATED:
☒ PRE ☐ POST CONFIRMATION

**YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN.** The following plan contains provisions which may affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan shall bind the debtor(s) and each creditor to its terms. Objections shall be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the §341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For POST CONFIRMATION Plan modifications, objections shall be filed in the same manner within twenty (20) days from its notification.

**THIS PLAN DOES NOT ALLOW CLAIMS.** To be paid under any plan that may be confirmed, you must file a proof of claim. The Trustee shall pay the allowed claim as filed, unless disallowed or expressly modified by the Court and/or the terms of the plan. If no claim is filed, the Trustee shall not pay a creditor provided for in the plan, unless ordered by the Court. Please refer to the notice of commencement of case for §341 meeting date, plan confirmation (approval) hearing date and the claims bar date, the latter date by which a proof of claim must be filed to participate of the plan distribution.

**POST PETITION REGULAR MONTHLY PAYMENTS ON SECURED CLAIMS.** In order to commence disbursements of any post petition regular payments, on any secured obligation, a proof of claim must be filed including the following information: (a.) account number; (b.) mailing address; (c.) due date and (d.) the monthly payment. Such creditor must notify the Trustee of any change in the monthly payment under the terms of the obligation at least 60 days prior to the effective date of new payment.

**The Trustee shall deduct the percentage fee fixed under 28 U.S.C. §586(e) on any disbursement provided for in this plan.**

## 1. PAYMENT AND LENGTH OF PLAN

Debtor(s) shall pay to the Chapter 13 Trustee the amounts described on the following payment schedule. Unless the Court orders otherwise payments shall commence no later than 30 days after filing of the petition.

### PLAN PAYMENT SCHEDULE

| Monthly Payment Amount | | Plan Months | | Total Paid for Period | |
|---|---|---|---|---|---|
| $625.00 | x | 57 | = | $35,625.00 | |
| **Sub-Totals** | | | | 35,625.00 | |
| **Additional Payments Amounts** | | **Period (Month)** | | | **DATE & SOURCE OF ADDITIONAL PAYMENTS** |
| $**None** | x | | = | $ | |
| **Total Plan Base** | | | | $35,625.00 | |

**The total monthly payment amounts shown in the above described schedule includes the payment to creditors with the allowed payment plan as described in the following paragraphs.**

☞ **Debtor's initials _____      Joint Debtor's Initials _____**

## 2. <u>PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND PAYMENTS TO LESSORS:</u>

Pursuant to § 1326(a)(1), the trustee shall make adequate protection payments, or payments to lessors prior to confirmation and until plan is confirmed, as follows:

| CREDITOR OR LESSOR | ADDRESS TO SEND PAYMENTS | ACCOUNT NUMBER | MONTHLY PAYMENT |
|---|---|---|---|
| **RELIABLE FINANCIAL SERVICES** | **To trustee's address of record where disbursements are regularly sent** | **As per POC filed or to be filed** | $100.00 |

The Trustee shall commence making adequate protection payments to creditors holding allowed claims secured by a purchase money security interest in personal property as soon as practicable after the filing of a proof of claim by the creditor. Upon confirmation the treatment of these claims shall be governed by applicable plan terms.

## 3. <u>PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)</u>

**(a)** Outstanding balance of Debtors' attorney fees pursuant to Rule 2016(a) Statement and any additional fees approved by the Court.

| | |
|---|---|
| Rule 2016(a) Statement: | $ **3,000.00** |
| Fees Paid Pre-Petition: | ($ **420.00**) |
| Rule 2016 Outstanding balance: | $ **2,580.00** |
| Post Petition Additional Fees: | $ **0.00** |
| Total Compensation through Plan: | $ **2,580.00** |

☞ **Debtor's initials _____     Joint Debtor's Initials _____**

**(b) All allowed priority claims shall be paid in full unless creditor agrees otherwise [11 U.S.C. §1322(A)(2)].**

**The Debtor shall pay DIRECTLY all Domestic Support Obligations that become due after the petition.**

## 4. <u>SECURED CLAIMS</u>

**(a) <u>CONDUIT MORTGAGE PAYMENT BY THE TRUSTEE.</u> NONE**

**(b)** Secured Claims listed below **shall be modified** pursuant 11 U.S.C. § 1322(b)(2), § 1322(c)(2) and § 1325(a)(5) :

| CREDITOR | ALLOWED CLAIM | MODIFIED ANNUAL INTEREST | MONTHLY PAYMENT AMOUNT | MONTHS OF PAYMENT |
|---|---|---|---|---|
| **Doral Mortgage Inc. c/o Doral Bank as Servicer** | **Total $11,747.45 Principal $8,054.19 Arrears = $3,693.26** | **6.25%** of **Principal only** | **Pro-rata with other secured creditors** **Payments are to be applied to** principal first | **Pro-rata by the trustee** |

**(c)** Secured Claims for **ARREARS** listed below, pursuant to 11 U.S.C. §1322(b)(3), shall be paid through the plan:

| CREDITOR | ARREARS (Allowed Claim) | MONTHLY PAYMENT AMOUNT | MONTHS OF PAYMENT (Beginning & Ending) |
|---|---|---|---|
| **Doral Mortgage Inc. c/o Doral Bank as Servicer** | **$3,693.26** | **Pro-Rata After full payment of** principal balance | **Trustee will begin distribution to arrearage upon full payment of principal amount owed, and accumulated interest as directed by plan provision 4(b)** |

**(d)** Secured Claims listed below shall be **PAID IN FULL** through the plan on the terms stated:

| CREDITOR | ALLOWED CLAIM | ANNUAL INTEREST | MONTHLY PAYMENT AMOUNT | MONTHS OF PAYMENT (Beginning & Ending) | TOTAL TO BE PAID |
|---|---|---|---|---|---|
| **RELIABLE FINANCIAL SERVIC** | $10,165.00 | 10.95% | **Pro-Rata** | **Pro-Rata** | $13,092.51 |

**(e)** Secured Claims listed below shall be **PAID DIRECTLY** by Debtor(s):**NONE**

**5. <u>SECURED CLAIMS SUBJECT TO §506:</u>  NONE**

**6. <u>SURRENDER PROPERTY AND/OR MODIFICATION OF THE AUTOMATIC STAY:</u> NONE**

**7. <u>UNSECURED PREFERRED CLAIMS:</u>  NONE**

**8. <u>UNSECURED CLAIMS</u>**

Allowed non-priority unsecured claims shall be paid as follows:

The debtor(s) shall pay the Trustee sufficient funds to pay the higher of the ("Unsecured Pool") determined pursuant to Form B22C or the present value of the portion of the Liquidation Value determined in the case pursuant to 11 U.S.C. § 1325(a)(4), that general unsecured creditors are entitled to receive.

☒ After payment in full of all §507 priority allowed claims the remaining balance of the liquidation value shall be distributed to the allowed general unsecured claims, **if applicable,**  plus a present value annual interest of 6.00%.

Any funds received by the Trustee in excess of the amount necessary to pay all allowed priority unsecured claims, all secured claims, all long term debts, and the Unsecured Pool and/or the Liquidation Value, shall increase the return to general unsecured allowed claims until the Debtor has paid the Plan Base to the Trustee.

**9. <u>OTHER PLAN PROVISIONS AND MOTIONS</u>**

**(a) Lien Retention.**  Allowed secured claim holders shall retain their liens as provided and in compliance with 11 U.S.C. § 1325(a)(5)(B)(1) or until otherwise provided in the plan.

**(b) Vesting of Property of the Estate.**  Property of the estate shall vest in the Debtor(s) upon **discharge.**

**(c)** Notwithstanding whatever provided in preceding paragraph (b), if the plan is funded by the proceeds of a sale or refinancing of property of the estate shall not vest on debtors and the Court shall retain jurisdiction over such property and any related transactions until its completion.

**(d) INSURANCE COVERAGE:**
(Adequate Protection) for the secured interest of the allowed secured creditor listed below and provided for in this plan shall be provided through the plan as follows.  **Insurance will be provided to lien holder upon expiration of original contract, if lien has not been satisfied upon reaching the date of expiration of the original contract.**

| CREDITOR | COLLATERAL | INSURANCE PROVIDER | INSURANCE MONTHLY PREMIUM | AS PER CLAIM FILED BY UNIVERSAL INSURANCE |
|---|---|---|---|---|
| **RELIABLE FINANCIAL SERVIC** | **2006 TOYOTA COROLLA.** | **Universal Insurance Company** | $35.00 | **See claim filed by Universal Insurance** |

☞ **Debtor's initials _____      Joint Debtor's Initials _____**

**(e) EXECUTORY CONTRACTS AND LEASES:**  NONE

## 10. Other, Special Provisions of the Plan Not Elsewhere Described:

### (a) Order of Distribution.

Trustee shall disburse or accrue payments to allow claims provided in the plan in the following order, unless the plan provides otherwise:

| PAYMENT ORDER | ALLOWED CLAIM |
|---|---|
| 1 | Pre-Confirmation Adequate Protection Payments under 11 U.S.C. § 1326(a)(B)&(C) |
| 1 | Post Petition Regular Monthly of Secured Claims |
| 1 | Debtor's Attorneys Fees |
| 2 | Secured Arrears |
| 2 | Equal Monthly Payments to Secured Creditor |
| 2 | Insurance Premium |
| 3 | §507 Priority Allowed Claims |
| 4 | Preferred Unsecured claims |
| 5 | General Unsecured Claims. |

**b.** Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

**c.** Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within ninety (90) days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

**d.** If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

**e.** Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

**f.** To receive a pre-confirmation adequate protection payment from the trustee, as provided for by the Code, the secured creditor must file a proof of claim. Adequate Protection Payments will begin as soon as practicable after filing the proof of claim by the creditor, and there will be no retroactive adequate protection payments for the elapsed time before filing the proof of claim. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court. A creditor, that it is provided for under the terms of this plan and fails to file a timely allowed claim before the bar date, will have consented to a prohibition to request relief from the automatic stay.

**g.** The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) or the Chapter 13 Trustee.

**h.** All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

**i.** The plan in this case will provide for the payment of all filed and allowed contingent claims at the same percentage as the said plan pays to other unsecured creditors. For purposes of the plan, all such contingent claims shall be deemed to have an estimated value of $100.00.

**j.** Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

**k.** The debtor(s) reserve the right to reduce the any and all terms of the plan at any time, even after confirmation of the plan. It should not be understood that the debtor(s) waive(s), resign(s) or agree(s) that the term of the plan should be 60-months. The debtor(s) make no representation that the plan month term, and/or the base of the plan will not be reduced. The debtor(s) proposal of a 60-month plan is made without prejudice to challenging the temporal or quantitative meaning of 11 U.S.C. 1325(b)(1)(B).

**l.** Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles and/or the Department of Public Transportation prescribes, and mail or deliver the certificate and release to the debtor(s) or the attorney for the debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

**m.** If a claim has been transferred by the holder thereof after the holder has filed a proof of claim with the Trustee, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, with the Trustee, and with the attorney for the debtor(s) shall not serve to remove the transferor as a creditor in this case and in such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

**n.** Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the debtor(s) herein.

**o.** The debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the debtor(s) may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor(s) reserve the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. The debtor also reserves to the estate or the debtor(s) all claims or causes of action he may have, could have or might have based on any claim filed with the Trustee in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

**p.** Section 1325(a)(9)(*) provides that for purposes of paragraph (5) of Section 1325(a), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing. Since 506(a)(1) provides for the allowance of unsecured claims for under-secured creditors, and since such section does not apply to these claims, then to the extent that this plan provides for the abandonment of any 910-day or 1-year collateral to the holder of the secured claim then and in that event such action shall be deemed in full satisfaction of the underlying debt and such creditor shall not be allowed and in fact precluded from filing an unsecured deficiency claim after the recovery and disposition of the collateral.

**q.** Upon confirmation of this plan, all creditors who are provided for under the plan shall be specifically prohibited from taking any of the following actions pursuant to 362(a): (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

**r.** Confirmation of this Plan shall constitute a finding by the Court that the Debtor(s) have fully complied with all of the required pre-confirmation obligations imposed by Title 11 of the United States Code, the Rules of Bankruptcy Procedure, the Local Rules of this Court, and all Administrative Orders and any other procedures related to the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**s.** The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which permits any such creditor to declare the Debtor(s) in default under any such agreement for filing a bankruptcy/insolvency action (*Ipso Facto Clauses*). Consequently, confirmation of this plan shall constitute a finding that any such *Ipso Facto Clauses*, no matter how or where arising, are invalid, void and otherwise unenforceable as to the Debtor(s) in this chapter 13 case or in any subsequent conversion of this case to a chapter 7 proceeding. Nor shall such *Ipso Facto Clauses* be binding on any trustee, whether appointed in this chapter 13 case or who may be subsequently appointed upon conversion of this case to a chapter 7 proceeding. The Debtor(s) hereby specifically reject all existing contracts for credit that are not specifically accepted or reaffirmed, including/particularly any clause of any contract that includes binding arbitration. That upon discharge all contracts not specifically accepted or reaffirmed, will be considered rejected and void, and will not be applicable to any cause of action, and specifically any clause requiring binding arbitration is hereby rejected in any matter arising pursuant to Title II, or a core action thereof.

**t.** Confirmation of the plan shall impose an affirmative duty and legal obligation on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the residential real property of the debtors to do all of the following:

**(1)** To apply the payments received from the trustee and/or from the debtor(s) on the pre-petition arrearages, if any, and only to such arrearages. For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall be included in a "corporate advance" equal to the total of all sums included in the said claim. During the term of the plan, payments from the trustee and/or the debtor(s) shall be credited against the "corporate advance" account. The "corporate advance arrearage account" shall have a "0" balance upon entry of the Discharge Order in this case.

**(2)** To deem the pre-petition arrearages as contractually cured upon confirmation of the plan, thereby precluding the imposition of late payment charges or other defaulted-related fees and services based solely on the pre-petition default or defaults. Such action shall be taken by making the "corporate advance" in a sufficient amount to "cure" the pre-petition arrears as established by the "allowed" proof of claim.

**(3)** To apply the direct post-petition monthly mortgage payments paid by the trustee and/or by the debtor(s) to the month in which they were designated to be made under the plan or directly by the debtor(s), whether or not such payments are immediately applied to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account. All such post-petition payments must be first applied to the outstanding post-petition interest and then to the principal balance and may not be used for any other purpose without the approval of the Bankruptcy Court after proper notice and a hearing.

**(4)** To notify the trustee, the debtor(s) and the attorney for the debtor(s) in writing of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments. The failure to comply with such notice requirements shall constitute a waiver of any increase in the rate until such notice is provided. In the event the rate should be reset to a rate lower than the rate as of the petition date, then any failure to provide notice as herein provided shall constitute a violation of 524(i) to the extent that the debtor suffers aggregate damages of more than $50.00.

**(5)** To Notify the trustee, the debtor(s) and attorney for the debtor(s) in writing of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments. The failure to comply with such notice requirements shall constitute a waiver of any right to recover any enhanced escrow payments and to recover any such increases until such notice is provided, on the condition that it is provided within sufficient time to maintain the feasibility of the plan as confirmed.

**(6)** To refrain from directly paying or attempting to pay any pre-petition tax obligation that the debtor(s) have included in their plan to be paid under their plan unless a motion is filed to modify the plan with adequate notice and hearing or unless a notice of assignment of the tax claim is filed from the taxing authority to the servicer and/or holder of the mortgage loan or loans.

**(7)** To refrain from ever assessing, charging, imposing, advancing or billing any type of fees or charges (such as legal fees, broker price opinion fees, property inspection fees, property preservation fees, proof of claim fees, notice of appearance fees, plan review fees, or any type of legal fees, or any other type of fee or charge) to the mortgage loan of the debtor(s) either post-petition and pre-confirmation, either post-confirmation and pre-discharge, or post-discharge unless such fees or charges have been approved by the Bankruptcy Court upon filing of a proper application for the approval of such fees and charges under Rule 2016(a) of the Rules of Bankruptcy Procedure and after adequate notice of hearing. To the extent such fees are not approved, but are provided in any type of notice to the debtor(s), such action shall be deemed to constitute a material violation of this provision and a violation of either the automatic stay or the discharge injunction, whichever provision may be applicable.

**Violations of this Section.**

Any violation of this provision shall be deemed a willful violation of 11 U.S.C. Section 524(i) in the event that the mortgage loan or loans is not serviced in a manner strictly in compliance with this provision of the plan and to the extent the improper servicing results in improper fees and charges of more than $50.00. The debtor(s) further specifically invoke and intend for this plan provision to invoke and to reserve the debtor(s) the provisions of 11 U.S.C. Section 524(i).

_/s/ NEREIDA ROMERO PARDELLA_
Debtor

Joint Debtor
_/s/ JUAN M. SUAREZ COBO_
DEBTOR'S ATTORNEY SIGNATURE

Tel: 787-791-1818
Fax: 800-986-1842
Box 316, Señorial Station
San Juan, P.R 00926-6023

ROMERO PARDELLA NEREIDA
URB VILLA LA MARINA
CALLE GEMINIS # 8
CAROLINA PR  00979

DORAL BANK
DPTO DE CONSUMO
PO BOX 13977
SAN JUAN PR  00908

SECRETARIO DE JUSTICIA
DEPARTAMENTO DE JUSTICIA
PO BOX 9020192
SAN JUAN PR  00902-0192

LEGAL PARTNERS PSC
BOX 316 SENORIAL STATION
SAN  JUAN PR  00926-6023

DORAL BANK
DPTO DE CONSUMO
PO BOX 308
CATANO PR  00963-0308

TRANSUNION
ATTN: DISPUTE RESOLUTION
DEPARTMENT
PO BOX 2000
CHESTER PA  19022

ALEJANDRO CAMPORREALE MUNDO ESQ
DORAL BANK- BANKRUPTCY DIVISION
PO BOX 70308
SAN JUAN PR  00936-8308

EQUIFAX INFORMATION SERVICE CENTER
ATTN: DISPUTE RESOLUTION
DEPARTMENT
PO BOX 105873
ATLANTA GA  30348

TREASURY SECRETARY
DEPARTAMENTO DE HACIENDA
PO BOX 9024140
SAN JUAN PR  00902-4140

ASUME
PO BOX 71316
SAN JUAN PR  00936-8416

EXPERIAN INFORMATION SOLUTIONS
ATTN: SUPERVISOR LEGAL DEPARTMENT
701 EXPERIAN PARKWAY PO BOX 1240
ALLEN TX  75013

UNIVERSAL INSURANCE COMPANY
500 TANCA STREET OCHO BUILDING
SUITE 20
SAN JUAN PR  00902

ASUME
PO BOX 70376
SAN JUAN PR  00936-8376

INTERNAL REVENUE SERVICE
PO BOX 21126
PHILADELPHIA PA  19114-0326

AUTORIDAD DE ACUEDUCTOS Y
ALCANTARILLADO
PO BOX 14580
SAN JUAN PR  00916-4580

ISLAND FINANCE
ORIENTAL BANK GROUP BUILDING
998 CALLE SAN ROBERTO STE 3000
SAN JUAN PR  00926

AUTORIDAD DE ENERGIA ELECTRICA
PO BOX 363508
SAN JUAN PR  00936-3508

LCDO JUAN GARCIA CHAMORRO
33 CALLE BOLIVIA SUITE 701
SAN JUAN PR  00917-2010

COOP  LA  SAGRADA FAMILIA
PO BOX 102
COROZAL PR  00783-0102

NCO FINANCIAL SYSTEMS OF PUERTO
RICO INC
BANKRUPTCY NOTICE
PO BOX 192478
SAN JUAN PR  00919-2478

CRIM
PO BOX 195387
SAN JUAN PR  00918-5387

PUERTO RICO TELEPHONE CO
PO BOX 71535
SAN JUAN PR  00936-8635

DORAL BANK
BOX 191191
SAN JUAN PR  00919-1191

RELIABLE FINANCIAL SERVICES
PO BOX 21382
SAN JUAN PR  00928